UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

ISAIAH ROBLES next friend of
Delmar Sharray Sharp,

          Petitioner,

v.

STATE OF MICHIGAN,

          Respondent.
_____/

Case No. 1:25-cv-281

Honorable Phillip J. Green

## **OPINION**

This is a habeas corpus action brought by Isaiah Robles (Petitioner Robles) on behalf of Delmar Sharray Sharp (Prisoner Sharp), who is currently incarcerated at the Central Michigan Correctional Facility (STF) in St. Louis, Gratiot County, Michigan.  Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner Robles consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge.  (ECF No. 5.)  Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases.  The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner. Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not

parties to th[e] action at the time the magistrate entered judgment.").[1] Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because Petitioner Robles lacks standing to pursue this action on behalf of Prisoner Sharp.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

**Discussion**

Petitioner Robles indicates that he is a good friend of Prisoner Sharp. (ECF No. 1-1, PageID.7.) On May 15, 2024, the Ingham County Circuit Court sentenced Prisoner Sharp to 1 year, 6 months to 20 years after a jury convicted Prisoner Sharp of two counts of delivery/manufacture of less than 50 grams of a controlled substance. *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=517747 (last visited Mar. 14, 2025). Prisoner Sharp's appeal of his convictions and sentences is currently pending before the Michigan Court of Appeals. *See* Register of Actions, *People v. Sharp*, No. 371760 (Mich. Ct. .App.), https://www.courts.michigan.gov/c/courts/coa/case/371760 (last visited Mar. 14, 2025).

Petitioner Robles raises the following grounds for relief on Prisoner Sharp's behalf:

  I.   Fourth Amendment Violation—Unlawful Stop [and] Search

  II.  Fifth Amendment Violation—No Grand Jury Indictment

  III. Due Process Violations (Fifth [and] Fourteenth Amendments)

  IV.  Eighth Amendment Violation—Unreasonable Use of Handcuffs

(Pet., ECF No. 1, PageID.3.)

The habeas statutes authorize granting relief to a person in custody. *See* 28 U.S.C. § 2254 (authorizing consideration of an application for a writ "in behalf of a person in custody"); 28 U.S.C. § 2241 (authorizing extension of the writ to prisoners "in custody"); *United States v. Chambers*, No. 4:13-CR-20254-TGB, 2020 WL 2526116,

at *3 (E.D. Mich. May 18, 2020) (stating, with regard to parallel language in 28 U.S.C. § 2255, "standing is specifically limited to those 'in custody'"). Therefore, the Court concludes that Petitioner Robles, a non-incarcerated individual, does not have standing to bring a habeas claim on his own behalf.

Further, as to Petitioner Robles' attempt to bring this petition on Prisoner Sharp's behalf, as explained below, Petitioner Robles lacks standing to do so. A petition for a writ of habeas corpus must be in writing and "signed and verified by the person for whose relief it is intended or by someone acting in his behalf," known as a "next friend." 28 U.S.C. § 2242; *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1989); *see* Rule 2(c)(5), Rules Governing § 2254 Cases. "A 'next friend' does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Whitmore*, 495 U.S. at 163 (citations omitted). Next friend status, therefore, is an exception to 28 U.S.C. § 1654, which states: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654.

To act on a prisoner's behalf, a putative next friend must demonstrate that the prisoner is unable to prosecute the case on his own behalf due to "inaccessibility, mental incompetence, or other disability" and that the next friend is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Whitmore*, 495 U.S. at 163–64 (citations omitted); *see West v. Bell*, 242 F.3d 338, 341 (6th Cir.

2001); *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998).  The putative next friend must clearly establish "the propriety of his status" in order to "justify the jurisdiction of the court."  *Whitmore*, 495 U.S. at 164 (citations omitted).  Standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another."  *Id*. at 163.

"[A] next-friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition."  *Wilson v. Lane*, 870 F.2d 1250, 1253 (7th Cir. 1989) (citing *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978)).  The putative next friend "must clearly and specifically set forth facts sufficient to satisfy the[] Art[icle] III standing requirements" because "[a] federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing."  *Whitmore*, 495 U.S. at 155–56 (citation omitted).  Most significantly, "when the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition."  *Weber*, 570 F.2d at 514; *see Whitmore*, 495 U.S. at 163.

Here, Petitioner Robles suggests that he should be permitted to proceed as Prisoner Sharp's next friend because the Michigan Department of Corrections (MDOC) is suppressing legal information and withholding, delaying, and obstructing Prisoner Sharp's legal correspondence.  (ECF No. 1-1, PageID.7.)  Petitioner Robles states further that the MDOC "is suppressing vital legal resources, . . . making it impossible for [Prisoner] Sharp to research and draft his own petition effectively."

6

(*Id.*)  Petitioner Robles also indicates that he attended Prisoner's Sharp's trial and personally witnessed the alleged constitutional violations set forth above.  (*Id.*)

Upon consideration of the foregoing, the Court concludes that the petition, which purports to raise claims on Prisoner Sharp's behalf, does not satisfy the requirements for next friend status in any respect.  Despite Petitioner Robles' explanation, he has not sufficiently demonstrated that Prisoner Sharp cannot file a habeas action on his own behalf.  Moreover, as set forth above, Prisoner Sharp's direct appeal of his convictions and sentences is still pending before the Michigan Court of Appeals, and so his one-year limitations period for filing a federal habeas corpus petition has not even started to run.  Any § 2254 petition filed by Prisoner Sharp prior to his criminal judgment becoming final would, therefore, be subject to dismissal without prejudice for lack of exhaustion.  Moreover, aside from mentioning that he is Prisoner Sharp's good friend, Petitioner Robles has not shown how he is qualified to serve as Prisoner Sharp's next friend.  Accordingly, Petitioner Robles lacks standing to pursue this action, and the Court is without jurisdiction to consider it.

## **Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir.

2001) (per curiam).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*

The Court has concluded that Petitioner Robles lacks standing to pursue this action, and, as a result, the Court lacks jurisdiction to consider it.  Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings must be made to warrant the grant of a certificate.  *Id.*

The Court finds that reasonable jurists could not find it debatable whether Petitioner Robles' application should be dismissed for lack of jurisdiction.  Therefore, a certificate of appealability will be denied.  Moreover, the Court concludes that any issue Petitioner Robles might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter an order and judgment denying a certificate of appealability and dismissing the petition without prejudice because Petitioner Robles lacks standing to pursue this action and the Court is without jurisdiction to consider it.

Dated: April 7, 2025              /s/ Phillip J. Green
                                                     PHILLIP J. GREEN
                                                     United States Magistrate Judge